JOHN J. JORDAN, ESQ. (State Bar No. 175678)
601 Montgomery Street, Suite 850
San Francisco, CA 94111
Tel: (415) 391-4814
Fax: (415) 391-4308
jjordanesq@aol.com

Counsel for Defendant
JOSE ALFARO GAMERO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-22-0138-JSW |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| vs. | Date: August 6, 2024 |
| JOSE ALFARO GAMERO, | Time: 1:00 p.m. |
| Defendant. | HON. JEFFREY S. WHITE |

## I. INTRODUCTION

The defendant, JOSE ALFARO GAMERO, hereby files this sentencing memorandum, asking the Court to impose a sentence of 10 months incarceration, 3 years supervised release, restitution, and a $250 assessment, the sentence recommendation agreed upon by the government and the defendant in the plea agreement. The defendant also had three factual objections to the PSR that **he has now asked counsel to drop**.

The Probation Office has recommended a downward variance to 15 months, based on the mitigating factors of Mr. Gamero's personal history and characteristics, as well as his strong family support. PSR Sent. Rec. at page 2.

While appreciating the variance recommended by the Probation Office, the defendant asks the Court to consider a slightly lower sentence of 10 months, in light of the factors

Gamero Sentencing Memorandum.    1

recognized by the probation officer, but also taking into account the defendant's possible deportation; his need to care for his father if he is not immediately deported; his strong performance while incarcerated pending sentencing in this case; the fact that the defendant's comparative long term of imprisonment on this and the related California state case (and loss of possible concurrent time) is by far the longest he has ever served in jail or prison; and his solid plans for the future (U.C. Davis and architecture internship) if not deported.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This federal case arose when on December 15, 2021, deputy U.S. Marshals assisted local law enforcement in seeking to execute California state warrants for the defendant. The defendant admittedly resisted the execution of the warrants, resulting in a later indictment and convictions for Destruction of Government Property, in violation of 18 U.S.C. § 1361 (counts one and two of the indictment); and Simple Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1) (counts three and four). PSR ¶¶ 1-3.

After his arrest on December 15, 2021, Gamero was brought to Contra Costa County on the state bench warrants.

On March 9, 2023, he was convicted in Contra Costa County of resisting arrest and evasion charges, and sentenced to 44 months in prison. PSR ¶ 56.

While serving the state sentence, the defendant was brought to this Court by a Writ of Habeas Corpus ad Prosequendum. PSR ¶ 5.

On April 28, 2023, Gamero was produced in this Court through execution of the writ. PSR ¶ 6. His state sentence apparently ended October 15, 2023.

On May 7, 2023, Gamero pled guilty to all four charges in the indictment, pursuant to a written plea agreement with the government. PSR ¶ 2. The parties agreed to jointly recommend a sentence of 10 months incarceration, 3 years supervised release, restitution, and a $250 special assessment. The Probation officer now recommends 15 months incarceration, agreeing on the other provisions set out here.

### III. GUIDELINES CALCULATION AND PROBATION'S RECOMMENDATION

The defendant drops any pending objections to the PSR. Consistent with the parties' Plea Agreement, the final PSR has determined that the defendant's total offense level is 11. PSR ¶¶ 21-45. The defendant also agrees with U.S. Probation that defendant falls into Criminal History Category IV. PSR ¶ 58. For offense level 11 and Criminal History IV, the United States Sentencing Guideline recommends a prison term between 18 months and 24 months. PSR ¶ 114. There is no mandatory minimum term of imprisonment.

However, the Court may conclude that Criminal History Category IV substantially over-represents the seriousness of his criminal history and likelihood that he will commit other crimes, as all but one prior conviction are misdemeanors with minor sentences imposed. A reduction to Criminal History category III would lower the range to 15 to 21 months.

### IV. DEFENDANT'S ARGUMENT AND SENTENCING RECOMMENDATION

**A.  Introduction**

Mr. Gamero moves this Court to grant a downward variance and sentence him to 10 months incarceration. This Court can find support for a variance after application of the mitigating factors contained in 18 U.S.C. § 3553(a).

**B.  Applicable Law**

The Court is familiar that post-*Booker*, a district court is "not mandated to sentence within an applicable Guideline range because the Sentencing Guidelines are advisory--not mandatory." *United States v. Mix*, 450 F.3d 375 (9th Cir. 2006), citing *United States v. Cantrell*, 433 F.3d 1269, 1279-81 (9th Cir. 2006) and *United States v. Booker*, 543 U.S. 220, 259-60 (2005). District courts must first consult the Sentencing Guidelines and take them into account when sentencing. *United States v. Cantrell*, 433 F.3d at 1279, quoting *Booker*, 543 U.S. at 264. The district court then applies the factors enumerated in 18 U.S.C. § 3553(a) in its sentencing decision. *United States v. Cantrell*, 433 F.3d at 1279-80; see also *United States v. Ameline*, 409 F.3d 1073, 1085-86 (9th Cir. 2005) (en banc).

The relevant factors here include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(1)-(2).

In addition, the Court should avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).

**C.     The Court Should Conclude That the Defendant's Criminal History Category Over-Represents the Seriousness of His Criminal History and Likelihood That He Will Commit Other Crimes**

The parties did not reach an agreement regarding the defendant's criminal history.  The defendant agrees with U.S. Probation that defendant falls into Criminal History Category IV.  PSR ¶ 58.  However, the defendant contends that Category IV substantially over-represents the seriousness of his criminal history and likelihood that he will commit other crimes.

The defendant has only one prior felony conviction, and that conviction was connected to this case, as the deputy U.S. Marshals were involved in arresting the defendant on the state case that resulted in the felony conviction.  All his other criminal history points derive from misdemeanor convictions. This overstates Mr. Gamero's criminal history.  As such, the Court may consider adjusting the defendant's criminal history down to Category III.  See, e.g., *United States v. Rodriguez*, 921 F.3d 1149, 1155 (9th Cir. 2019), citing U.S.S.G. § 4A1.3(b).

Doing so would lower the sentencing range to 15 to 21 months for the defendant, and also justify granting a variance down to 10 months.

**D.     The Relevant Section 3553(a) Factors Support a Downward Variance**

A variant sentence is appropriate after a review of the factors set forth in 18 U.S.C. § 3553(a).

Gamero Sentencing Memorandum.                               4

**1.   Nature of the Offense**

First, as to the nature of the offense, Mr. Gamero acknowledges that this is a serious offense, with an unlawful response to the actions of law enforcement in executing a lawful warrant. However, no one was injured, and damage to the vehicles was not severe.

Further, Mr. Gamero agreed to plead guilty and waived his right to a trial. He then admitted responsibility to this Court and to the probation officer. As the probation officer noted, Mr. Gamero submitted a long statement of responsibility. PSR ¶ 18. The Court can consider this early and full acceptance of responsibility as an additional mitigating factor.

In addition, defendant's comparative long term of imprisonment on this and the related California state case (and loss of possible concurrent time) is by far the longest he has ever served. All his prior sentences were much, much shorter, and the time served so far on this and his California case is a substantial period of time.

Finally, as the defendant is facing deportation, and possibly a transfer to ICE custody, any further incarceration here seems unnecessary and a possible unnecessary cost of incarceration.

**2.   History and Character of the Defendant**

Second, the history and character of the defendant strongly support a downward variance.

The probation officer noted that "Mr. Gamero's personal background and characteristics showcase his ability to work towards positive goals as he was committed to pursuing a higher education, sought employment related to his school studies, and enjoys a supportive family relationship." PSR sent. rec. page 2. The probation officer seems correct in noting that the defendant is committed to higher education, given Mr. Gamero's strong performance while incarcerated, as he took and completed numerous courses and training. He is very interested in returning to U.C. Davis, and asks this Court to consider fashioning a sentence that will release him in time to enroll in the upcoming fall semester, and participate in an architecture internship.

In addition, the defendant has explained to counsel that his father is in failing health, and he would like to be able to care for his father if he is not immediately deported.

As for his background, while he does have a criminal record, the PSR describes the difficulties that Mr. Gamero had with the law when he turned 18 years old. His misdemeanor convictions show a lack of adult thinking by a young male with a brain not fully developed. As Judge Orrick recognized in a recent order granting compassionate release in *United States v. Don Alonzo Johnson,* Case 3:05-cr-00167-WHA Document 2063 (N.D. Cal. Oct. 10, 2021), "Courts have also cited evolving research and law on this topic. For instance, the Tenth and Fourth Circuits Courts of Appeals have approved a finding of "extraordinary and compelling reasons" when the district court exercised discretion to consider the defendant's "young age at the time of sentencing," among "a combination of factors."" *Id.,* citing *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). See also *United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020); *United States v. Herrera-Genao*, 2021 WL 2451820, at *8 (D.N.J. June 16, 2021) (Judge Anne E. Thompson); *United States v. Ramsay*, 2021 WL 1877963, at *15 (S.D.N.Y. May 11, 2021) (Judge Jed S. Rakoff) (discussing the science of developing brains at length).

**3.    The need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes**

As to the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant, a 10-month sentence after just finishing a lengthy California state sentence should both deter Mr. Gamero from committing any future misconduct and protect the public.

The defendant has been in custody since December 15, 2021, more than 2 ½ years. He has never spent any time in an adult prison before these two cases. This is substantial amount of time in prison/jail, and has certainly had an effect on the defendant, serving as an adequate deterrence to any possible future criminal conduct. The time, in total, also adequately reflects the seriousness of this offense, and also the related state offense.

Moreover, as the defendant will either be deported or be on Federal Supervised release, with strict conditions, the public will be protected.

**CONCLUSION**

The defendant asks this Court to sentence him to 10 months, followed by 3 years supervised release, a $250.00 special assessment, and impose appropriate restitution.

DATED: July 31, 2024.                             Respectfully submitted,


                                                  */s/ John J. Jordan*
                                                  JOHN J. JORDAN